FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01928-BNB

VICKI DILLARD, and
PATRICIA JOHNSON,

Plaintiffs,

v.

DEPUTY GARY GREGORY, In His Official and Individual Capacity,
SERGEANT TOM FRANK, In His Official and Individual Capacity,
JOHN DOES DENVER DEPUTY SHERIFFS (4), In Their Official and Individual Capacities,
THE DENVER CITY ATTORNEY'S OFFICE, a Municipality,
THE CITY AND COUNTY OF DENVER, a Municipality, and
THE DENVER SHERIFF'S DEPARTMENT, a Municipality,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiffs, Vicki Dillard and Patricia Evans, initiated this action by filing a ***pro se*** complaint. They have been granted leave to proceed ***in forma pauperis***.

The Court must construe the complaint liberally because Plaintiffs are not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. ***See id.*** However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine.

Plaintiffs' claims in this action arise out of a eviction proceeding in the District Court for the City and County of Denver for the property located at 1933 S. Downing Street, Denver. Plaintiffs assert that they "have been in ongoing court litigation regarding the property at issue since 2007, see state case no. 07CV11152, among others . . . ." Complaint at 3. Indeed, Plaintiff Vicki Dillard previously challenged a foreclosure action at 1933 S. Downing Street in this Court in ***Dillard v. Bank of New York,*** Case No. 09-cv-3008-WYD-BNB, 2011 WL 2714118 (D. Colo. July 15, 2011). Chief Judge Wiley W. Daniel dismissed that action on July 15, 2011, for several reasons, including lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. Chief Judge Daniel set forth the facts in Ms. Dillard's foreclosure action, which are also relevant to the facts of this action, as follows:

> On November 6, 2007, BNY [Defendant Bank of New York] filed a Verified Complaint in Unlawful Detainer seeking to evict Plaintiff and obtain a judgment for possession of the property. . . . Plaintiff filed a motion for summary judgment in the Eviction Action seeking a dismissal of BNY's request for possession of the property, claiming that the Rule 120 proceedings and the title BNY obtained as a result of those proceedings and the Public Trustee sale were void. On June 19, 2008, the state judge presiding in the Eviction Action issued an order (filed on June 27, 2008) denying Plaintiff's motion for summary judgment and entered Judgment for Possession of Property and Writ of Restitution in favor of BNY. BNY did not obtain possession of the property at that time because Plaintiff filed an appeal of the Eviction Action to the Colorado Court of Appeals, Case no. 08CA140. On April 2, 2008, the Colorado Court of Appeals affirmed the Eviction Order.
>
> On December 17, 2009, Plaintiff commenced this action. On June 2, 2010, BNY obtained a Writ of Restitution in the Eviction Action permitting BNY to obtain possession of the Property. On August 24, 2010, a state judge held an emergency hearing at Plaintiff's request. The state court confirmed that BNY had the right to possess the Property and ordered that Plaintiff and all occupants of the property claiming through her could be removed.

***Dillard,*** 2011 WL 2714118 at *2.

Although Ms. Dillard did not challenge her actual eviction in that case, all of her claims relating to the foreclosure of the property were dismissed.

In the instant action, Plaintiffs assert that the named Defendants executed "an illegally issued Writ of Restitution" on June 14, 2010, at the 1933 S. Downing Street. Although the property was owned by Ms. Dillard, Plaintiff Patricia Evans was apparently a guest residing on 1933 S. Downing Street at the time of the eviction. Plaintiffs assert that the "state judge issued the improper Writ of Restitution on June 2, 2010, . . . . The issuing judge lacked authority to do so, as the matter, in its entirety was within the exclusive jurisdiction of the State Appeals Court, as the court admits in its stay order." Complaint at 4. Plaintiffs complain that:

> [a]fter receiving counsel from [Defendants Denver City Attorney's Office and Denver Sheriff's Department], Defendant Gregory continued the eviction. While Gregory, John Does Deputy Sheriffs (4) and the movers continued execution of the illicit writ – all while Evans remained inside of the property – they received word that the state court acknowledged its lack of jurisdiction to issue the writ, thus staying its order. Much later, Plaintiffs were later able to repossess the property; however, on or about August 24, 2010, Plaintiffs were again removed by the Denver Police Department officers, without a Writ of Restitution order present and against the explicit eviction statue [sic] treatment. Although no writ order was present on August 24, 2010, the officers involved in the illegal eviction that day later stated that [Defendants] Gregory, Frank and DSD represented to them that the eviction properly took place on June 14, 2010, which is clearly untrue.

Complaint at 5. Plaintiffs assert claims pursuant to 42 U.S.C. 1983 for violations of their Fourth, Eighth and Fourteenth Amendment rights and claims for conspiracy pursuant to 28 U.S.C. 1985. They also assert state law claims for kidnapping, influencing a public servant, criminal trespass, negligence, abuse of process, willful and wanton conduct,

obstruction of justice, and commission of a deceptive act. Plaintiffs seek declaratory relief in addition to damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. ***See McAlester v. United Air Lines, Inc.***, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." ***United States v. Bustillos***, 31 F.3d 931, 933 (10th Cir. 1994).

The Court lacks subject matter jurisdiction over Plaintiffs' claims in the complaint because they are asking the Court to review the eviction proceedings in the Denver District Court and Colorado Court of Appeals. The ***Rooker-Feldman*** doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. ***See District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 486 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923). The ***Rooker-Feldman*** doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280, 284 (2005); ***see also Johnson v. De Grandy***, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court

judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court in accordance with 28 U.S.C. § 1257. ***See Facio v. Jones***, 929 F.2d 541, 543 (10th Cir. 1991).

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. ***See Feldman***, 460 U.S. at 482 n.16. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." ***Id.*** at 1148. Furthermore, the ***Rooker-Feldman*** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." ***See Jordahl v. Democratic Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997).

In reviewing whether the case is "inextricably intertwined" with a prior state court judgment, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." ***Garry v. Geils***, 82 F.3d 1362, 1365 (7th Cir. 1996); ***see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester***, 358 F.3d 694, 707 (10th Cir. 2004) (holding that court should "'ask whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting ***Kenman Engineering v. City of Union***, 314 F.3d 468, 476 (10th Cir. 2002)). The basis for Plaintiffs' claims in this action is their belief that the Writ of Restitution

issued by the state court judge to facilitate the eviction was illegal and unconstitutional. Plaintiffs' alleged injuries resulted from the actions taken by Defendants in enforcing the Writ of Restitution. Plaintiffs cannot obtain any relief based on their federal claims without a factual finding that the state court judgments entered against Ms. Dillard were erroneous.

These claims must be rejected as inextricably intertwined with the state court claims, because they necessarily seek invalidation of a state court judgment. Under ***Rooker-Feldman***, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court. Federal district courts can neither address these injuries nor review the state court proceedings. ***See*** 28 U.S.C. §1257. Therefore, the Court finds that the complaint must be dismissed for lack of subject matter jurisdiction pursuant to the ***Rooker-Feldman*** doctrine. ***See Van Sickle v. Holloway***, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 25th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01928-BNB

Vicki Dillard and
Patricia Evans
1933 S. Downing Street
Denver, CO 80210

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 25, 2011.

GREGORY C. LANGHAM, CLERK

By:____________________________
Deputy Clerk