IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 11-cv-01928-LTB

VICKI DILLARD, and
PATRICIA JOHNSON,

      Plaintiffs,

v.

DEPUTY GARY GREGORY, In His Official and Individual Capacity,
SERGEANT TOM FRANK, In His Official and Individual Capacity,
JOHN DOES DENVER DEPUTY SHERIFFS (4), In Their Official and Individual
      Capacities,
THE DENVER CITY ATTORNEY'S OFFICE, a Municipality,
THE CITY AND COUNTY OF DENVER, a Municipality, and
THE DENVER SHERIFF'S DEPARTMENT, a Municipality,

      Defendants.

---

## ORDER GRANTING MOTION TO RECONSIDER AND REINSTATING CASE

---

Plaintiffs, Vicki Dillard and Patricia Johnson, filed on September 8, 2011, a *pro se* motion titled "Motion to Reconsider Order Dismissing Complaint Dated 8/25/11." The Court must construe the motion liberally because Plaintiffs are *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Plaintiffs filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The motion to reconsider will be granted for the reasons stated below.

Plaintiffs initiated this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiffs' claims in this action arise out of an eviction proceeding in the District Court for the City and County of Denver for the property located at 1933 S. Downing Street, Denver. Plaintiffs assert that the named Defendants executed "an illegally issued Writ of Restitution" on June 14, 2010, at the 1933 S. Downing Street. Although the property was owned by Ms. Dillard, Plaintiff Patricia Evans was apparently a guest residing on 1933 S. Downing Street at the time of the eviction. Plaintiffs assert that the "state judge issued the improper Writ of Restitution on June 2, 2010, . . . . The issuing judge lacked authority to do so, as the matter, in its entirety was within the exclusive jurisdiction of the State Appeals Court, as the court admits in its stay order." Complaint at 4. Plaintiffs complain that:

> [a]fter receiving counsel from [Defendants Denver City Attorney's Office and Denver Sheriff's Department], Defendant Gregory continued the eviction. While Gregory, John Does Deputy Sheriffs (4) and the movers continued execution of the illicit writ – all while Evans remained inside of the property – they received word that the state court acknowledged its lack of jurisdiction to issue the writ, thus staying its order. Much later,

> Plaintiffs were later able to repossess the property; however, on or about August 24, 2010, Plaintiffs were again removed by the Denver Police Department officers, without a Writ of Restitution order present and against the explicit eviction statue [sic] treatment. Although no writ order was present on August 24, 2010, the officers involved in the illegal eviction that day later stated that [Defendants] Gregory, Frank and DSD represented to them that the eviction properly took place on June 14, 2010, which is clearly untrue.

Complaint at 5. Plaintiffs assert claims pursuant to 42 U.S.C. 1983 for violations of their Fourth, Eighth and Fourteenth Amendment rights and claims for conspiracy pursuant to 28 U.S.C. 1985. They also assert state law claims for kidnapping, influencing a public servant, criminal trespass, negligence, abuse of process, willful and wanton conduct, obstruction of justice, and commission of a deceptive act. They seek declaratory relief in addition to damages.

On August 25, 2011, the Court dismissed the action for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The Court explained that the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Further, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Plaintiffs were directed that review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court in accordance with 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

After reviewing the complaint, the Court found that Plaintiffs' alleged injuries resulted from the actions taken by Defendants in enforcing the Writ of Restitution issued by the state courts. Therefore, the Court found that Plaintiffs could not obtain any relief on their federal claims without a factual finding that the state court judgments were erroneous, and the action was dismissed without prejudice. Judgment also entered on August 25, 2011.

In the motion to reconsider, Plaintiffs disagree that *Rooker-Feldman* bars the Court from addressing their constitutional claims. They assert that they "are not arguing against the state judgments themselves; but rather, the Defendants' separate and unlawful actions." Motion at 3. Plaintiffs assert that the "state judgment itself is not the direct source" of their injuries, and that:

> [t]he Defendant law enforcement officers and municipalities listed in this instant action are not so named because they obeyed the state court's order. They are named for: kidnaping [sic]; lying (departing from the truth); the municipality Defendants (in-)action, failure to train and gross negligence, the fraudulent, deceptive and misleading documents fabricated by Defendants; trespassing on Plaintiff Vicki Dillard's property after receipt and knowledge of the state court's stay order; the Defendants' willful and reckless abuse and misuse of the process; Defendant [sic] willful and wanton conduct, Defendants' blatant acts to obstruct justice; Defendants' conspiracy to interfere with Plaintiffs [sic] rights, inter alia, are all separate and isolated acts that did not derive from the state court's judgment itself. Defendants did them because such an environment promotes. This Court has jurisdiction.

Motion at 5.

"The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments. When the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *See Bolden v. City of Topeka, Kansas,* 441 F.3d 1129,1139 (10th Cir. 2006). This is because "*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." *Bolden,* 441 F.3d at 1145. Here, Plaintiffs allege that they are asserting claims independent of the foreclosure and eviction action and that they do not seek "to undo the [state-court] judgment." *Id.* at 1145. As such, Plaintiffs' claims may not be barred by the *Rooker-Feldman* doctrine. *See id.*

However, Plaintiffs' complaint is confusingly worded and often appears to challenge the state court judgment. For instance, Plaintiffs repeatedly complain of "improper" and "illegal" actions taken by the state courts during the foreclosure and eviction action. Nevertheless, Plaintiffs were not allowed the opportunity to amend their complaint to clarify their claims. Therefore, in the interest of fairness, the Court will re-open this action and direct Plaintiffs to file an Amended Complaint. In their Amended Complaint, Plaintiffs may not challenge actions taken by the state court during the foreclosure and eviction proceeding; instead, they must focus their allegations on independent constitutional claims.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that circumstances exist that justify a decision to reconsider and vacate the order

dismissing this action. Therefore, the Motion to Reconsider will be granted. Accordingly, it is

ORDERED that the "Motion to Reconsider Order Dismissing Complaint Dated 8/25/11" (Doc. # 9) is GRANTED. It is

FURTHER ORDERED that the August 25, 2011, dismissal order and judgment are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket. It is

FURTHER ORDERED that Plaintiffs will be allowed **thirty (30) days from the date of this order** in which to file an Amended Complaint in compliance with the directives set forth above. It is

FURTHER ORDERED that Plaintiffs shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiffs fail to file an Amended Complaint within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this __26th__ day of ___September___, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01928-BNB

Vicki Dillard and
Patricia Evans
1933 S. Downing Street
Denver, CO 80210

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 26, 2011.

                                GREGORY C. LANGHAM, CLERK

                          By:_____
                                      Deputy Clerk