IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01928-BNB

VICKI DILLARD, and
PATRICIA EVANS,

    Plaintiffs,

v.

DEPUTY GARY GREGORY, In His Official and Individual Capacity,
SERGEANT TOM FRANK, In His Official and Individual Capacity,
JOHN DOES DENVER DEPUTY SHERIFFS (4), In Their Official and Individual
    Capacities,
THE DENVER CITY ATTORNEY'S OFFICE, a Municipality,
THE CITY AND COUNTY OF DENVER, a Municipality, and
THE DENVER SHERIFF'S DEPARTMENT, a Municipality,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiffs, Vicki Dillard and Patricia Evans, initiated this action by filing **pro se** a Complaint asserting a deprivation of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs filed an amended complaint on October 24, 2011. Each Plaintiff has been granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915.

The Court must construe the amended complaint liberally because Plaintiffs are not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiffs allege that Defendants Gary Gregory and 4 John Doe Officers arrived at Plaintiff Vicki Dillard's residence on June 14, 2010, to evict the Plaintiffs and execute a writ of restitution issued by the District Court for the City and Count of Denver.  Plaintiff Patricia Evans was apparently also living at Ms. Dillard's residence on June 14, 2010.  Plaintiffs argue that the writ was improper because the state court matter was on appeal to the Colorado Court of Appeals, and the district court lacked jurisdiction to issue the writ.  Plaintiffs assert they informed the Defendants that the district court lacked jurisdiction to issue the writ, but the Defendants continued with the eviction even after the state court acknowledged its lack of jurisdiction and issued an order staying the writ.  They argue that the Defendants "were upset by the stay issuance, and engaged in an extensive cover up and violated numerous laws . . . ."  Amended Complaint at 8.  Plaintiffs assert that they have been subjected to "prejudicial rulings" from the state court due to Defendants' actions, and that they have incurred expenses, debts, and loss of income as a result of the incident on June 14, 2010.  Plaintiffs allege that the

Defendants violated their Fourth, Eighth, and Fourteenth Amendment rights and seek compensatory and punitive damages.  Plaintiffs also assert pendent state law claims pursuant to 28 U.S.C. § 1367.

However, Plaintiffs have sued improper parties.  The Denver City Attorney's Office and the Denver Sheriff's Department are not entities separate from the City and County of Denver and, therefore, are not persons subject to suit under § 1983.  **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993).  The Denver City Attorney's Office and the Denver Sheriff's Department will be  dismissed as improper parties to this action.  Plaintiffs' claims against the Denver City Attorney's Office and the Denver Sheriff's Department will be construed liberally as claims against the City and County of Denver.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Plaintiffs' claims against the remaining Defendants do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  **See** D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendants the Denver City Attorney's Office and the Denver Sheriff's Department are dismissed as improper parties to this action.  It is

FURTHER ORDERED that this case shall be assigned to District Judge R. Brooke Jackson, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Boyd N. Boland.

DATED at Denver, Colorado, this  7th  day of    November   , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court