IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01928-RBJ-BNB

VICKI DILLARD, and
PATRICIA EVANS,

    Plaintiffs,

v.

DEPUTY GARY GREGORY, in his official and individual capacity,
SERGEANT TOM FRANK, in his official and individual capacity,
JOHN DOES, DENVER DEPUTY SHERIFFS (4), in their official and individual capacities,
and
THE CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER

Plaintiff Dillard moves for a ruling on plaintiffs' objections to the costs taxed by the Clerk's Office. The motion is granted to the extent that the Court now issues its ruling and also granted to the extent that the amount taxed must be reduced by $12.70.

By way of background, this case arises out of the foreclosure and eviction of the plaintiffs from their home in Denver. The facts are summarized in this Court's order of October 18, 2012 granting defendants' motion for summary judgment. [ECF No. 56]. In that order the Court awarded defendants, as the prevailing parties, their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Defendants submitted their bill of costs on October 30, 2012. [ECF No. 61]. On December 5, 2012 the Clerk taxed $2,024.88 of the $2,075.88 requested. [ECF No. 69]. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion served within the next 7 days, the court may review the clerk's action." On December 13, 2012

plaintiffs filed a motion for an extension until December 17, 2012 to file an objection to the costs taxed. [ECF No. 72]. Although it is not clear that the Court formally granted or denied the motion, the Court deems plaintiffs' objection as filed on December 17, 2012 to be timely, and defendants do not argue otherwise.

Plaintiffs objected to the costs taxed on the following grounds: (1) no costs should be awarded, because plaintiffs "filed the case in good faith and for good cause, due to manifold (sic) violations by Defendants [and] should not be expected to pay the perpetrator Defendants;" (2) a motion to set aside, alter or amend the grant of summary judgment was pending; and (3) defendants were seeking costs that they did not incur, noting in particular that defendants did not provide hard copies of the exhibits to their motion for summary judgment and, contrary to the certificate of service affixed to that motion, plaintiffs themselves, at the defendants' request, picked up the motion and its accompanying CD. [ECF No. 74 at 1-2]. Defendants responded to the objection on January 7, 2013. [ECF No. 75]. The Court apologizes to the parties for overlooking the objection until its oversight was called to its attention by the pending motion.

Plaintiffs' first objection, that costs should not be awarded because the action was brought in good faith, is not well grounded in the law. Under Rule 54(d)(1), "[u]nless a federal statute, thee rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." That is true regardless of the losing party's good faith. Courts may sometimes award attorney's fees as a sanction for the pursuit of an action in bad faith, but that was never an issue here. Similarly, the fact that plaintiffs pursued the case *pro se,* while mandating that the Court apply its procedures liberally, does not relieve them from their obligation to reimburse the prevailing defendants' reasonable taxable costs.

The second objection, that a motion to set aside the summary judgment order, is moot. The Court initially denied that motion on February 4, 2013. [ECF No. 66]. Plaintiffs later filed another motion to set aside the summary judgment and, because it appeared that at least one of the two plaintiffs might not have been served with the summary judgment order, re-reviewed that order and again declined to set it aside. [ECF No. 82]. Ms. Dillard requested clarification of the latter order, resulting in the Court's once again declining to vacate its order of summary judgment. [ECF No. 86]. The matter appears to be pending on appeal at this time.

As for the final objection, that the Clerk taxed costs that were not actually incurred, defendants' response explains and documents each item of costs taxed except $12.70 of the copying costs which defendants determined they had included in error. [ECF No. 75]. Plaintiffs have not filed a reply disputing the recalculated amount, and I have no basis to question it. The costs taxed, as now revised, appear to be reasonable and to have been properly taxed.

**Order**

Accordingly, plaintiffs' motion for a ruling [ECF No. 108] is GRANTED. Plaintiff's objection to the taxed costs is granted to the extent that the amount awarded is reduced by $12.70. Court amends its judgment to award costs in favor of the defendants and against plaintiffs, jointly and severally, in the amount of $2,012.18.

DATED this 30th day of May, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge